UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAY BATLLE**,<br>33 Bond Street, Apt. 1805<br>Brooklyn, NY 11201<br><br>            Plaintiff,<br><br>      vs.<br><br>**CAINE & WEINER COMPANY, LLC**<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005<br><br><br>            Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**REQUEST FOR JURY DEMAND AND JURY TRIAL** |

Plaintiff Jay Batlle ("Batlle"), through counsel, states his Complaint against Defendant, CAINE & WEINER COMPANY, LLC ("C&W" or "Defendant") as follows:

## WHY BATLLE IS FILING THIS COMPLAINT

1.      This Complaint arises from the Defendant violating the Fair Debt Collection Practices Act (FDCPA), when the defendant, while communicating with the consumer, Batlle, in connection with a debt, the debt collector knew the consumer was represented by an attorney via 15 U.S.C. § 1692(c)(2).

## PARTIES, JURISDICTION, AND VENUE

2.      Batlle is a natural person and resides at 33 Bond Street, Apt. 1805, Brooklyn, New York, 11201. This address is Batlle's primary, principal residence, and has been at all times relevant to the allegations of this Complaint.

3.      Defendant C&W is an accounts receivable management company that is engaged in collection services for companies, including numerous Fortune 500 companies. C&W is

1

registered with the New York Secretary of State and the holder of New York City Department of Consumer Affairs License No. 1157930. As stated on its "Mission/Vision Statement" on its website, C&W enhances "cash flow for the global business community through the creative and effective utilization of accounts receivable management systems and innovative solutions.[1]

4. Defendant's disclosures to Batlle and other consumers indicate that Defendant considers itself to be a debt collector subject to 15 U.S.C. §1692, the Fair Debt Collection Practices Act.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this action arises under the FDCPA.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Batlle's home is located within this District, Defendant does business within this District, and the actions giving rise to the causes of action in this Complaint, *infra*, occurred primarily within this District.

## INTRODUCTION

7. Batlle restates and incorporates all of his statements and allegations contained in paragraphs 1 through 6 in their entirety, as if fully rewritten herein.

8. Batlle is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. §1692.

9. C&W is engaged in the collection of debts from consumers as an agent of its clients primarily through the preparation of dunning notices sent via ordinary mail throughout the United States and specifically in this instance in the State of New York. C&W regularly attempts to

---

[1] https://www.caine-weiner.com/about-us/mission-statement-2/ (Last visited February 1, 2021)

collect consumer debts alleged to be due to another. C&W is a "debt collector" as defined by 15 U.S.C. §1692(a)(6).

10. Batlle's debt and transactions are related in this Complaint with C&W. Described herein and thus related to a "debt", as that term is defined by the FDCPA as the underlying debt sought to be collected, was for the primary purpose being one of a personal, family, or household use and nature.

11. Batlle's has a private right of action under 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1692k(a)(2)(a) for the claimed breaches and such action provides for remedies including actual damages, statutory damages of $1,000.00 per transaction and attorneys' fees.

## FACTUAL BACKGROUND

12. Batlle incorporates all allegations contained in paragraphs 1 through 11 above as if fully restated herein.

13. Batlle utilized DHL International to ship and deliver 500 art books that showcase his talents as an artist and painter. Batlle entered into the transaction with the promise that the art books would be picked up from their origin on June 17, 2019 and delivered to his home four days later on June 21, 2019 in Brooklyn, New York. The transaction was one of a purely personal nature as the art books were deemed to be gifts that Batlle would have dispersed among friends, colleagues and family members.

14. The entire transaction began poorly as DHL failed to even pick up the art books at the correct time. In fact, the books were ultimately picked up by DHL to begin its shipment to Brooklyn, New York on July 2, 2019, fourteen days later than originally agreed to by the parties. The books were transported and for a time were lodged in Atlanta, Georgia, a location that was

not anticipated by Batlle. Eventually, DHL delivered the books on July 12, 2019 at Batlle's home, twenty-one days later than originally agreed to between the parties.

15. Because of the delay in picking up the art books and shipment to his home, Batlle constantly was worrying about whether the books would arrive in time for him to disperse the books. Batlle lost sleep, constantly felt pressured to keep apprised of where the books were located and worried that his books would not be able to accompany him to various art shows that he had planned on attending to see friends and colleagues. Some of those friends and colleagues had waited patiently for their copy of Batlle's books. To be blunt, this ordeal placed Batlle in an emotional state that affected his family and work life.

16. When the books arrived at his home on July 12, Batlle had another problem to solve as he was not at home or in New York state. After a frantic call to locate a friend, which was unsuccessful, Batlle had to settle on phoning and asking a handyman that worked in his apartment building to accept the delivery on his behalf. The handyman reluctantly accepted as this was against his duties in the apartment building. The handyman lugged up all 500 copies of the book to Batlle's apartment, making ten trips between the lobby and his front door, before settling the books into Batlle's living room.

17. Batlle had to endure out-of-pocket expenses due to the failure of the books to be delivered on time. Batlle paid FedEx $300.00 dollars to ship the books from his apartment to where he was located at the time.

18. Due to DHL's debacle Batlle was not able to utilize all the benefits of the books, which included incurring goodwill among his colleagues, planned gifts delivered to family and friends and monetary benefits from the reselling of the books. The amount that Batlle hoped to

recoup from 500 copies of the book was approximately $50,000 dollars (500 copies at $100.00 per copy).

19. DHL had hired and utilized C&W to collect on the debt incurred by Batlle for the shipped art books.

20. A dunning letter was sent to Batlle at his residence, alleging that he owed a debt for the shipping of the art books. *A copy of that Letter is attached as Exhibit 1.*

21. DHL pursued Battle for the debt but ultimately handed over the account to C&W who continued to contact Batlle with letters and calls in hopes that the debt would be paid. The letters and calls that constituted the contact by C&W was unbearable for Batlle who sought legal advice and guidance. Battle retained the legal services of attorney Marc Dann of Advocate Attorneys. Mr. Dann sent a certified cease and desist letter to C&W, which was received on August 13, 2020. The certified letter was received and a return signature was obtained. *A copy of the certified Cease and Desist Letter is attached as Exhibit 2. A screenshot of the delivery of the certified letter is attached as Exhibit 3.*

22. A debt collection representative from C&W, identifying herself as "Harriet", on October 12, 2020 at 3:39 PM EST, after already become aware of the legal representation, contacted Batlle, left a voicemail communication for consumer and referenced the debt and "financial matter and obligation." This voicemail was listened and heard by Batlle numerous times.

23. On October, 14, 2010 at 3:41 pm, just a mere two days after the first phone call from "Harriet," the same representative called and left a voicemail for Batlle stating that the debt matter "was escalating in their office." This voicemail was heard by Batlle numerous times.

24. On January 7, 2021 Batlle received a letter at his home from Pucin & Friedland, PC, a law firm licensed in the state of California, demanding payment for the shipment of the art books by DHL. Pucin & Friedland threatened that a lawsuit would be filed against Batlle unless payment in full was made immediately on the account.

25. As a result of the actions of C&W, Battle has suffered actual economic damages and non-economic damages in a yet to be determined amount related to the emotional distress of C&W's actions to contact Batlle directly when Batlle has notified C&W of legal representation.

## COUNT ONE
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq.* -

26. Batlle restates and incorporates all of his statements and allegations contained in paragraphs 1 through 25, in their entirety, as if fully rewritten herein.

27. Batlle is a "consumer" as he is a natural person and resident of Kings County, New York obligated or allegedly obligated to pay the debt. 15 U.S.C. § 1692(a)(3).

28. The "debt" as Batlle has been associated to was incurred as a debt for personal, household or family use. 15 U.S.C. § 1692(a)(5).

29. C&W is a "debt collector" pursuant to 15 U.S.C. §1692(a)(6) because C&W regularly collect debts asserted to be owed to another. 15 U.S.C. § 1692(a)(6).

30. Defendant violated 15 U.S.C. § 1692(c) by contacting the consumer, Batlle, when they knew and had direct knowledge of the fact that consumer was represented by legal counsel, namely Marc Dann of Advocate Attorneys.

31. Defendant violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt by sending a letter to Batlle on January 7, 2021 from Pucin & Friedland, PC, a law firm licensed in the state of California, demanding that payment in full be made immediately or a lawsuit would be filed. Thus, this forced Batlle to seek additional legal

advice and incur expenses in defending a potential action. This, in effect, caused considerable and unneeded anxiety onto Batlle as he deals with the daily stressors of life and family living in a COVID-19 atmosphere.

32. Defendant's actions have directly and proximately caused Batle to incur attorneys' fees and costs in an unascertainable amount at this juncture of the proceedings.

33. Defendant's actions when contractual obligated have caused Batlle unnecessary emotional anxiety from the failure to deliver the art books on time to his home.

34. Defendant's actions, or to be more precise, lack of action to deliver the books on time, caused Batlle to lose monies including but not limited to $50,000 dollars.

35. As a result of its actions, C&W is liable to Batlle for actual damages, statutory damages of $1,000 per incident, as well as costs, and attorneys' fees all pursuant to 15 U.S.C. § 1692(k)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jay Batlle requests that this Court enter its order granting judgment against Defendant Caine & Weiner Company, LLC for the following:

A. For an award of actual damages of $50,300 against Caine and Weiner, LLC for the allegations contained in Count One.

B. For an award of statutory damages of $1,000.00 against Caine and Weiner, LLC for the allegations contained in Count One;

C. For an award of Batlle's reasonable attorneys' fees and costs in the prosecution of this action for the allegations contained in Count One; and

D. For all such other relief which this Court may deem appropriate.

Respectfully submitted:

/s/ Samer Yahyawi
Samer Yahyawi ( NY #4570287)
The Law Office of Samer Yahyawi, PLLC
888 Main Street, Suite 123
New York, NY 10044
Phone: (502) 693-7624
samer.yahyawi8@gmail.com
syahyawi@advocateattorneys.com
*Co-Counsel for Plaintiff Jay Batlle*

/s/ Marc E. Dann
Marc E. Dann (OH #0081605)
Advocate Attorneys, LLP
1629 K Street NW
Suite 300
Washington, DC 20006
mdann@advocateattorneys.com
*To be admitted Pro Hac Vice*
*Co-Counsel for Plaintiff Jay Batlle*